UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

L. TODD DIORIO, JEFFREY DIORIO, DEAN TAMBURRI, GENARO A. ARGENIO, MICHAEL MASTROPIETRO AND JUSTIN DARROW, AS THE TRUSTEES AND FIDUCIARIES OF THE LABORERS' LOCAL NO. 17 DEFINED CONTRIBUTION FUND, THE LABORERS' LOCAL NO. 17 HEALTH CARE FUND, THE LABORERS LOCAL NO. 17 TRAINING FUND, THE LABORERS LOCAL NO. 17 SUPPLEMENTAL UNEMPLOYMENT FUND, THE LABORERS LOCAL NO. 17 LABORERS-EMPLOYERS EDUCATION AND COOPERATION TRUST FUND AND THE LABORERS LOCAL UNION NO. 17,

    Plaintiffs

-against-

CASA BUILDERS, INC. d/b/a FRIEDLANDER CONSTRUCTION and WOODLAND UNDERGROUND LLC d/b/a FRIEDLANDER CONSTRUCTION

    Defendants.

-----------------------------------------------------------------------x

Civil Action No.:

7:21-cv-01863-VB

September 8, 2021

## REVISED DECLARATION OF GREGORY S. CAMPORA AND STATEMENT OF DAMAGES

I, Gregory S. Campora, of Robert M. Cheverie & Associates, P.C., counsel of record of Plaintiffs, L. Todd Diorio, Jeffrey Diorio, Dean Tamburri, Genaro A. Argenio, Michael Mastropietro and Justin Darrow, as the trustees and fiduciaries of the Laborers' Local No. 17 Defined Contribution Fund, the Laborers' Local No. 17 Health Care Fund, the Laborers Local No. 17 Training Fund, the Laborers Local No. 17 Supplemental

1

Unemployment Fund, the Laborers Local No. 17 Laborers-Employers Education and Cooperation Trust Fund (hereinafter the "Funds") and the Laborers Local Union No. 17 (hereinafter the "Local"), hereby certify, declare and verify under penalty of perjury, pursuant to 28 U.S.C. Section 1746, this 8th day of September 2021, the following:

1. I am an attorney with the law firm of Robert M. Cheverie & Associates, P.C., the counsel of record for the Plaintiffs.

2. On March 3, 2021, Plaintiffs filed this action against Casa Builders, Inc. d/b/a Friedlander Construction and Woodland Underground, LLC d/b/a Friedlander Construction (hereinafter "Friedlander Construction") to recover sums certain and sums to be determined, pursuant to a Collective Bargaining Agreement (hereinafter "CBA"), owed, due and unpaid by Friedlander Construction to the Plaintiff Funds and Local.

3. On April 2, 2021, a copy of the Summons and Complaint was served on the corporation of Defendant Woodland Underground, LLC d/b/a Friedlander Construction in the hands of Kay Secunda employed by the Defendant and authorized to receive service at 64 North Putt Corners Road, New Paltz, New York 12561.

4. On April 29, 2021, a copy of the Summons and Complaint was served on the corporation of Defendant Casa Builders, Inc. d/b/a Friedlander Construction in the hands of John Doe (a person who refused to give their name) employed by

2

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

the Defendant and authorized to receive service at 64 North Putt Corners Road, New Paltz, New York 12561.

5. Pursuant to Fed. R. Civ. P. 12 (a), the time for Defendants to answer, move or otherwise respond to the Complaint in this matter has passed. To date, Friedlander Construction has not entered an appearance or filed pleadings in this case.

6. Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, a hearing in damages is not required. In my original Declaration filed on July 26, 2021, I indicated that a hearing was needed to determine the final total damages because, for a portion of the Defendants' delinquency (from January 2020 to April 2020), the Plaintiffs had not filed evidence to finally determine with certainty the amount owed for that period. With this Revised Declaration, I will explain the computation of the sum certain owed for January 2020 to April 2020 and include supplemental exhibits to support this determination.

7. Friedlander Construction agreed to pay the Funds and the Local certain sums of money for each hour worked by employees in employment covered under the Local's relevant CBA. A copy of the relevant pages of the CBA is attached hereto as Exhibit A.

8. Friedlander Construction was not a party to the CBA, but they agreed orally to abide by its terms in regard to owed contributions to the Funds and the Local when performing work covered by the CBA. In addition, they agreed in writing to

3

comply with the terms of the CBA in regard to benefit contributions; the Defendants made such contributions to the Funds and the Local pursuant to the CBA from January 2019 through April 2019 and signed the benefit voucher purchase orders, which clearly state, **"THE PAYMENT OF THESE BENEFITS BINDS THE PARTY TO THE CURRENT COLLECTIVE BARGAINING AGREEMENT."** A copy of the voucher purchase orders for the period of January 2019 through April 2019 are attached hereto as Exhibit B.

9. Friedlander Construction submitted benefit voucher purchase orders for work performed from May 2019 through December 2019 without contribution payment, demonstrating an amount of ***$66,148.86*** due to the Funds and the Local for this period. A copy of the voucher purchase orders for the period of May 2019 through December 2019 are attached hereto as Exhibit C.

10. In addition, as shown in the Local's referral log, Friedlander Construction employed Mr. Ryan Dingee in employment covered by the CBA in January 2020 and employed Mr. Mikel Wright from January 2020 through April 2020. Friedlander Construction failed to submit benefit voucher purchase orders or contributions for work during this period. The Affidavit of Christopher J. Cerone with attachments is attached here as Exhibit D.

11. It has been determined that Mr. Dingee worked 56 hours in January 2020, because Mr. Dingee does not have work records for this period and because Friedlander Construction did not provide benefit voucher purchase orders for this

period. (At the Hearing to Show Cause on September 1, 2021, I mistakenly said that the Plaintiffs had benefit voucher purchase orders from the Defendants for January through April 2020. They do not. Therefore, the Plaintiffs cannot provide the "same kind" of documents to support the damage calculation for January through April 2020 that they provided to support the damage calculation from May through December 2019. In regard to Mr. Dingee's hours, the Plaintiffs will present his Affidavit, with his W-2 Form from Casa Builders for 2020, attached, and the Affidavit of Mr. Cerone [Exhibit D] with attachments – in relevant part: the portions of the contract used to determine the hours he worked in January 2020 [i.e.: Article 12, re: holidays and Article 9, re: the work week] and the picture of the Local Union's referral log showing when he was laid off.) Mr. Dingee was laid off on January 10, 2020. There are seven (7) working days between January 1, 2020 and January 10, 2020 and a full day of work is eight (8) hours. Therefore, Mr. Dingee worked 56 hours in January 2020 for Friedlander Construction in employment covered by the CBA. The Affidavit of Ryan Dingee with attachments is attached here as Exhibit E. Please refer also to Exhibit D, the Affidavit of Christopher J. Cerone.

12. Mr. Wright kept contemporaneous notes of the hours he worked for Friedlander Construction in 2020 in a pocket calendar. Mr. Wright worked 384 hours from January 2020 through April 3, 2020:

   a. January 2020 – 150.5 hours

  b. February 2020 – 93.5 hours

  c. March 2020 – 122.5 hours

  d. April 2020 – 17.5 hours

In regard to Mr. Wright's hours, the Plaintiffs will present his Affidavit, with his W-2 Form from Casa Builders for 2020 and his copies of the pages of his 2020 pocket calendar for January through April with contemporaneous notes, attached, and the Affidavit of Mr. Cerone [Exhibit D] with attachments – in relevant part, a picture of the Local Union's referral log showing when he was laid off. The Affidavit of Mikel Wright with attachments is attached here as Exhibit F. Please refer also to Exhibit D, the Affidavit of Christopher J. Cerone.

13. In total, Friedlander Construction owes contributions on 440 hours in covered employment for January through April 2020 on behalf of Mr. Dingee (56 hours) and Mr. Wright (384 hours). For this period, Friedlander Construction owes **$9,184.02** to the Plaintiffs pursuant to the CBA. Pursuant to the CBA, valid through the end of April 2020, the fringe benefit package was *$20.85* per hour and the Funds charge the employers *$2.50* per month for postage to mail the remittance forms to them.

14. In total, from May 2019 through April 2020, Friedlander Construction owes the Plaintiffs **$75,332.88** in unpaid benefit contributions pursuant to the CBA (**$66,148.86** for May through December 2019 and **$9,184.02** for January through April 2020).

6

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

15. Finally, pursuant to 29 U.S.C. 1132(g)(2), Friedlander Construction is liable for the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the plan, reasonable attorney's fees, and costs of this action. Because the Funds' documents do not provide for liquidated damages, Friedlander Construction is liable for a second count of interest as a penalty.

16. Friedlander Construction owes six percent (6%) simple interest in the amount of **$8,380.73** on delinquent contributions as contemplated by the Trust Agreement of the Pension Fund. In my original Declaration filed on July 26, 2021, I mistakenly indicated that the Plaintiffs were entitled to four and one quarter percent (4.25%) simple interest on the delinquent contributions. As the Court pointed out at the Hearing to Show Cause on September 1, 2021, I had misread the terms of the Trust Agreement, which provides for interest on unpaid contributions in the amount of one percent (1%) over the prime interest rate as published by Citibank for the relevant period, *but not less than six percent (6%)* [emphasis added]. (The prime interest rate for the period was three and one quarter percent [3.25%]; therefore, I mistakenly asked for four and one quarter percent [4.25%] when the Plaintiffs were entitled to six percent [6%] simple interest.) A copy of the relevant pages of the Trust Agreement of the Pension Fund is attached hereto as Exhibit G. A chart of the Plaintiffs' interest calculation is attached hereto as Exhibit H.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

17. At the Hearing to Show Cause, the Court granted **$2,627.00** in attorneys' fees and costs and the Plaintiffs do not ask for additional fees or costs.

18. Therefore, Friedlander Construction owes the Plaintiffs a total of **$75,332.88** in unpaid contributions, plus interest in the amount of **$8,380.73**, pursuant to the terms of the Trust Agreement and ERISA, and a second count of interest in the amount of **$8,380.73**, pursuant to ERISA. The Defendants' total obligation is **$92,094.34**.

DATED this 8th day of September 2021 at East Hartford, Connecticut.

_____
Gregory S. Campora, Esq.

SUBSCRIBED and sworn to before me this __8th__ day of _September_, 2021.

_____
Notary Public

**TAYLOR V. GREEN**
*NOTARY PUBLIC*
My Commission Expires July 31, 2025